UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No 18-cv-62910-UU

JAMBU ATCHISON, *et al.*,

    Plaintiffs,

v.

THAI DELI, LLC, *et al.*,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Notice of Removal (D.E. 1).

THE COURT has considered the record and is fully advised in the premises.

Defendants removed this action on November 30, 2018. D.E. 1. The action includes a complaint stating several causes of action arising out of a breached lease agreement. The Court does not have jurisdiction over that complaint. The action also includes, however, a cross-claim (improperly styled a counterclaim) to seek unpaid wages pursuant to the Fair Labor Standards Act. The cross-claimant removed this action on the grounds that the FLSA claim gives the Court supplemental jurisdiction over the state law claims.

In civil actions where district courts have original jurisdiction, 28 U.S.C. § 1367 provides district courts with supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, sub-section (c) of § 1367 provision permits district courts to decline to exercise supplemental jurisdiction if any one of the following four conditions exists:

    (1) the claim raises a novel or complex issue of State law,

    (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

    (3) the district court has dismissed all claims over which it has original jurisdiction, or

    (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

  Federal courts have not hesitated to dismiss or remand state causes of action under §1367(c)(2) where the state claims would require "elements of proof that are distinct and foreign to [the federal] claim," and which would therefore "cause a substantial expansion of [the] action beyond that necessary and relevant to the federal claim." *James v. Sun Glass Hut of California*, 799 F. Supp. 1083, 1085 (D. Colo. 1992); *Council of Unit Owners of the WISP Condominium, Inc. v. Recreational Indus., Inc.*, 793 F. Supp. 120, 123 (D. Md. 1992); *Green v. Zendrian*, 916 F. Supp. 493, 498 (D. Md. 1996).

  This case is not a FLSA case.  It is a breach of contract and civil theft case (among other secondary state law claims) to which the counter-claimant has artlessly tacked on a FLSA claim.  To say that the state law claims substantially predominate is an understatement.  Accordingly, the Court declines supplemental jurisdiction.  The Court will *sua sponte* remand the state law claims, and dismiss the FLSA claim without prejudice so that it may be filed in this court as a separate case—as it should have been from the very beginning.  It is, therefore, hereby

  ORDERED AND ADJUDGED that the complaint is REMANDED to the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida.  It is further

  ORDERED AND ADJUDGED that the Counterclaim is DISMISSED WITHOUT PREJUDICE.  It is further

ORDERED AND ADJUDGED that the case is CLOSED for administrative purposes. All hearings are CANCELLED; all motions, DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this _3d_ day of December, 2018.

_____
UNITED STATES DISTRICT JUDGE

cc:  counsel of record via cm/ecf